**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10200 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:21-cr-00001-GMN-BNW-1 |
| | 2:21-cr-00001-GMN-BNW |
| RICKON AMYON WADE, AKA Ricky Wade, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted July 27, 2022[**]
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,[***] International
Trade Judge.

Rickon Wade appeals from his 37-month sentence imposed following his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

jury conviction for: (1) Fraud and Misuse of Visas, Permits, and Documents in violation of 18 U.S.C. § 1546(a); and (2) Misuse of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B). "[W]e review the district court's identification of the correct legal standard *de novo* and [its] factual findings for clear error," and the "district court's application of the Sentencing Guidelines to the facts of a given case . . . for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). As the parties are familiar with the facts, we do not recount them here. We affirm.

Wade challenges the district court's application of a sentencing enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i), which applies if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." U.S.S.G. § 2B1.1(b)(11)(C)(i). Wade contends that the enhancement does not apply because he used a means of identification belonging to someone else to attempt to obtain a Nevada Real ID under his own name—rather than another's name—and Application Note 1 provides that, for § 2B1.1(b), "means of identification, shall be of an actual (i.e., not fictitious) individual, *other than the defendant*." *Id.* § 2B1.1 cmt. n.1 (emphasis added). Even though Wade attempted to obtain a Nevada Real ID in his own name, the district court properly applied the enhancement because the Nevada Real ID he sought to obtain would have contained a Nevada ID number—a "means

2

of identification"—that would have been unlawfully tied to the alien registration number of another actual individual.[1]

Contrary to Wade's contention, the enhancement did not constitute impermissible double counting because the statutes under which he was convicted can be violated by using a fraudulent means of identification not connected to another actual individual. *See* 18 U.S.C. § 1546(a); 42 U.S.C. § 408(a)(7)(B). Here, the enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) accounted for the harm done to the other individual associated with the alien registration number that Wade used. "There is nothing wrong with 'double counting' when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct." *United States v. Thornton*, 511 F.3d 1221, 1228 (9th Cir. 2008) (citation and internal quotation marks omitted).

**AFFIRMED.**

---

[1] The district court's decision is consistent with *United States v. Melendrez*, 389 F.3d 829 (9th Cir. 2004). We note that the Government incorrectly argues on appeal that *Melendrez* is irrelevant because that case concerned the 2002 version of the guideline, which ostensibly did not contain the same text as Application Note 10(C)(i). However, the wording in Application Note 10(C)(i) is found in the 2002 version under Application Note 7(C)(i). *See* U.S.S.G. § 2B1.1 cmt. n.7(C)(i) (2002).